Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| IDYS L. MELÉNDEZ MELÉNDEZ<br><br>Parte Recurrente<br><br>v.<br><br>CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES<br><br>Parte Recurrida | TA2026RA00269 | *Revisión de Decisión Administrativa procedente* de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: SA-19-000222<br><br>Sobre:<br>Traslado |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparece ante nos la parte recurrente, Idys L. Meléndez Meléndez (señora Meléndez o parte recurrente), y solicita que revoquemos la *Resolución* emitida y notificada el 26 de marzo de 2026, por la Comisión Apelativa de Servicio Público (CASP). Mediante el referido dictamen, la CASP acogió el *Informe de la Oficial Examinadora*, y declaró No Ha Lugar la apelación presentada por la parte recurrente.

El 25 de mayo de 2026, la parte recurrida, Centro de Recaudaciones de Ingresos Municipales (CRIM), presentó *Contestación a Revisión Judicial*[1].

Por los fundamentos que expondremos a continuación, se confirma la determinación recurrida.

### I.    Trasfondo fáctico y procesal

El 8 de marzo de 2019, la señora Meléndez presentó una *Solicitud de Apelación* ante la CASP. En esta, impugnó la determinación del CRIM de trasladarla a la Oficina de Revisiones y

---

[1] Entrada Núm. 4 SUMAC.

Vistas Administrativas. En resumen, la recurrente alegó que el traslado efectuado por el CRIM se hizo de manera abrupta y sin el tiempo adecuado. Añadió que el referido traslado se hizo como acto de represalias en su contra por una impugnación que esta presentó en relación con el puesto de Oficial de Vistas.

Luego de varios incidentes procesales, el 3 de diciembre de 2025, la señora Meléndez presentó *Solicitud de Sentencia Sumaria*[2]. Por su parte, el 8 de diciembre de 2025, el CRIM presentó su *Solicitud de Resolución Sumaria a Favor del CRIM*[3]. Ambas partes replicaron los escritos de la parte opositora. Así las cosas, el 9 de marzo de 2026, la Oficial Examinadora rindió *Informe de la Oficial Examinadora* en el que recomendó que se declarara No Ha Lugar la solicitud de apelación presentada por la señora Meléndez.

En apoyo de su recomendación, la Oficial Examinadora determinó que la recurrente fue notificada sobre la determinación de reubicarla en la nueva Oficina de Revisiones y Vistas Administrativas, donde estaría desempeñando las mismas funciones y deberes con el mismo salario y beneficios. Añadió que la comunicación establecía los fundamentos para la reubicación, así como la facultad de la Junta de Gobierno del CRIM para realizar la restructuración operacional. En ese sentido, la Oficial Examinadora puntualizó que, entre otros estatutos, el Artículo 7.006 del Código Municipal de Puerto Rico, establece que la Junta de Gobierno del CRIM tiene la facultad de establecer la política pública,

---

[2] En apoyo de su solicitud, la recurrente acompañó los siguientes documentos: Anejo 1-Certificación del secretario de la Junta de Gobierno del CRIM de la Resolución 2012-29, con fecha del 11 de junio de 2012 y Anejo 2-Certificación del secretario de la Junta de Gobierno del CRIM de la Resolución 2019-36, con fecha del 8 de enero de 2019.

[3] El CRIM acompañó los siguientes documentos en apoyo de su solicitud: Anejo I-Certificación del secretario de la Junta de Gobierno del CRIM de la Resolución 2019-36, con fecha del 8 de enero de 2019, junto con el organigrama del Centro de Recaudaciones de Ingresos Municipales y el organigrama Centro de Recaudaciones de Ingresos Municipales de la Unidad de Apoyo Operacional; Anejo 2-Carta de notificación de reasignación de oficina, dirigida a la Sra. Idys Meléndez Meléndez y suscrita por Sr. Reinaldo Paniagua Látimer con fecha del 8 de febrero de 2019.

administrativa y operacional del CRIM y que, habiéndose restructurado y creado una nueva oficina, el CRIM estaba facultado para tomar determinaciones que propendan al buen funcionamiento de la agencia, tales como el traslado. Por consiguiente, concluyó que, de la documentación presentada, surge que la reubicación de la recurrente a otra oficina no fue onerosa, perjudicial o en menoscabo de sus derechos adquiridos e interés propietario. Destacó que la señora Meléndez no demostró mediante la evidencia presentada que la reubicación fuera abrupta, arbitraria, irrazonable, caprichosa o en violación al principio de mérito.

Consecuentemente, el 26 de marzo de 2026, la CASP emitió la *Resolución* objeto del presente recurso. En esta, adoptó el informe de la oficial examinadora y a la luz de las determinaciones de hecho y conclusiones de derecho en este contenidas, resolvió declarar No Ha Lugar la apelación de la recurrente. Inconforme con la decisión, la señora Meléndez solicitó reconsideración, la cual fue denegada por la CASP.

Aun insatisfecha, la recurrente acude ante nos y le imputa a la CASP la comisión de lo siguientes señalamientos de error:

1. Erró la **CASP** al determinar que la Recurrente fue objeto de un traslado; cuando la acción de personal trata de una enmienda al Plan de Clasificación y Retribución de la agencia, de manera ilegal y en contravención a todas las disposiciones del (sic) ley.

2. Erró **CASP** al no tomar en consideración la aplicabilidad de la Ley 8-2017 y su Reglamento y las disposiciones del Código Municipal de Puerto Rico, Ley 107-2020, según enmendada, Libro VII, Capítulo I CRIM, Artículo 7.001 en lo pertinente a los asuntos de recursos humanos.

3. Erró **CASP** al no fundamentar la Resolución emitida a base de la totalidad del expediente ante su consideración que desde la radicación de la Apelación establecía la existencia de una controversia sustancial de hecho y en el derecho aplicable.

4. Erró **CASP** al no resolver la Moción de Sentencia Sumaria presentada por la Recurrente la que, claramente establece una violación al Principio de Mérito y como consecuencia la existencia de una controversia de hecho y de derecho que ameritaba ventilarse en su totalidad ante dicho foro en garantía del derecho a ser oída en un proceso imparcial.

5. Erró **CASP** al emitir una Resolución contraria a derecho.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II. Derecho aplicable

### a. La Revisión Judicial

En lo atinente al alcance de la revisión judicial de las determinaciones de las agencias administrativas, la Sección 4.5 de la Ley Núm. 38-2017 ("LPAU"), 3 LPRA sec. 9675, establece lo siguiente:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Así pues, la revisión judicial de una decisión administrativa se ciñe a analizar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas.[4] Por su parte, en cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos.[5]

La deferencia a la determinación de una agencia administrativa cede cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o

---

[4] *Katiria's Café, Inc. v. Mun. Aut. de San Juan,* 2025 TSPR 33 a la pág. 11, 215 DPR __ (2025), citando a *Pagán Santiago et al. v. ASR,* 185 DPR 341, 358 (2012).
[5] *Vázquez et al. v. DACo,* 2025 TSPR 56 a la pág. 31, 215 DPR ___ (2025); Véase, además, Sec. 4.5 de la LPAU, *supra.*

(4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[6]

Destacamos que la evidencia sustancial se define como la "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[7] A su vez, se desprende de la sección precitada que el expediente administrativo constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la subsiguiente revisión judicial.[8]

**B. La Ley de Municipios Autónomos y la Ley del Centro de Recaudación de Ingresos Municipales[9]**

La *Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico*[10], vigente al momento de los hechos del recurso ante nos, les otorgó a los municipios diversos mecanismos para ejercer una amplia gama de facultades. En virtud del referido estatuto, se aprobó la *Ley del Centro de Recaudación de Ingresos Municipales*[11], con el propósito de crear al Centro de Recaudación de Ingresos Municipales (CRIM) como una entidad municipal, independiente y separada de cualquier otra agencia o instrumentalidad del Gobierno del Estado Libre Asociado de Puerto Rico[12]. El Artículo 4 de la ley habilitadora del CRIM establece como parte de sus facultades y deberes generales, entre otros, el establecer su propia estructura administrativa[13]. Mientras, el Artículo 5 del referido estatuto

---

[6] *Jusino Rodríguez v. Junta de Retiro*, 2024 TSPR 138 a la pág. 7, 215 DPR __ (2024) (Citas omitidas).

[7] *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953).

[8] Véase, además, Sección 3.18 de la LPAU, 3 LPRA sec. 9658; *Graciani Rodríguez*, 202 DPR a la pág. 128.

[9] Vigente al momento de los hechos.

[10] Ley Núm. 81 de 30 de agosto de 1991, 21 LPRA sec. 4001 *et seq.*

[11] 21 LPRA § 5801 *et seq.* Tanto la *Ley de Municipios Autónomos*, supra, como la *Ley del Centro de Recaudación de Ingresos Municipales*, supra, fueron derogadas y sustituida por la Ley Núm. 107 del 13 de agosto de 2020, conocida como *Código Municipal de Puerto Rico* (Ley Núm. 107-2020, 21 LPRA § 7001 *et seq.*) No obstante, conforme surge de la *Resolución* impugnada, los hechos en controversia corresponden al periodo de vigencia de la Ley Núm. 81-1991 y Ley 80-1991, por lo que el análisis es según las disposiciones de la derogada ley.

[12] Véase, Artículo 3 de la Ley 80-1991, supra.

[13] Artículo 4(m) de la Ley 80-1991, supra.

establece que el CRIM será dirigido por una Junta de Gobierno[14].

Entre las facultades y funciones conferidas a la Junta de Gobierno,

se encuentra el establecer la política pública, administrativa y

operacional del Centro, asegurarse de que el Centro cumpla en

forma efectiva las funciones y responsabilidades que se le deleguen

en virtud de ley y aprobar la organización interna del Centro, el

presupuesto anual de ingresos y gastos, las transferencias entre

partidas, el sistema de contabilidad, de personal, de comprar y

suministros, así como todas las reglas y reglamentos para su

funcionamiento, incluyendo todos los aspectos administrativos,

operacionales y fiscales.[15]

Dicha ley también le confiere faculta a la Junta para nombrar

al Director Ejecutivo del Centro y adoptar un plan de clasificación y

retribución para los funcionarios, agentes y empleados necesarios

para el adecuado cumplimiento de las disposiciones de esta ley[16]. A

su vez, el Artículo 9 del referido estatuto establece que, entre las

facultades del Director Ejecutivo se encuentran las siguientes:

(a) Determinar, previa aprobación de la Junta, la organización interna del Centro y establecer los sistemas que sea menester para su adecuado funcionamiento y operación, así como para llevar a cabo las acciones administrativas y gerenciales necesarias para poner en vigor esta ley y cualesquiera otras leyes, reglamentos o programas bajo la responsabilidad del Centro.

(b) Nombrar el personal que sea necesario para llevar a cabo los fines y propósitos del Centro, de acuerdo al plan de clasificación y retribución que adopte la Junta.

(c) [...]

(d) [...]

(e) Nombrar oficiales examinadores para atender vistas administrativas, quienes ejercerán sus funciones conforme a las normas y procedimientos que establezca la Junta mediante reglamento.

---

[14] Artículo 5, Ley 80-1991, supra.
[15] Artículo 7, incisos (a) al (c).
[16] *Íd.*, inciso (d).

[...]

(Énfasis nuestro).

Por otro lado, y en lo aquí pertinente, el Artículo 10 dispone que el CRIM se regirá en asuntos de Personal por las disposiciones del Capítulo 11 de la Ley de Municipios Autónomos, *supra*, y conforme a ello adoptará las reglas y reglamentos que estime necesarios. También, expresa que el Centro estará excluido de la aplicabilidad de la Ley 8-2017, según enmendada, conocida como *Ley para la Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico,* y de la Ley 26-2017, según enmendada, conocida como *Ley de Cumplimiento con el Plan Fiscal.*

Con el marco doctrinal antes expuesto, resolvemos.

### III.    Aplicación del Derecho a los Hechos

Comenzaremos por discutir el primer, segundo, tercer y quinto señalamiento de error de forma conjunta. A grandes rasgos, la señora Meléndez plantea que la CASP erró al emitir una resolución contraria a derecho. En específico, alega que la CASP incidió al determinar que la acción de CRIM fue un traslado cuando, a su entender, constituyó una enmienda ilegal al Plan de Clasificación y Retribución de la agencia. También señala que el CASP incidió al no tomar en consideración la aplicabilidad de la Ley 8-2017, *supra*; su Reglamento, así como las disposiciones del Código Municipal. Añade que la CASP cometió error al no fundamentar la Resolución basada en la totalidad del expediente por entender que existía una controversia sustancial de hecho y en el derecho aplicable.

Por su parte, el CRIM sostiene que la acción de reasignar a la señora Meléndez a la Oficina de Revisiones y Vistas Administrativas no constituyó un traslado y tampoco resultó onerosa para la recurrente. Lo anterior, porque la acción impugnada consistió en ubicar a la señora Meléndez del segundo al primer piso de la Oficina

Central del CRIM, con el mismo puesto, con la misma clasificación como empleada de carrera y con los mismos beneficios marginales. También enfatiza que la recurrente no alegó en forma alguna cómo resultó perjudicada en cuanto a su sueldo por la acción tomada por el CRIM.

La parte recurrida también afirma que la Resolución emitida por la CASP se fundamentó en el derecho aplicable bajo la antigua Ley 81-1991, *supra*, vigente al momento de los hechos, el cual, no es distinto al estado de derecho que rige hoy bajo el Código Municipal. Por ello, sostiene que la Junta de Gobierno estaba facultada para crear la nueva oficina de Revisiones y Vistas Administrativas, asignar los recursos necesarios para atender la necesidad de servicios, uniformar los procesos y garantizar a los contribuyentes el debido proceso de ley. Tiene razón.

De un estudio detenido y sosegado del expediente, se desprende que el CRIM cursó una comunicación a la señora Meléndez, en la que le informó que sería reasignada a la nueva oficina de Revisiones y Vistas Administrativas, que continuaría ocupando el mismo puesto, devengando el mismo salario y ejercería las funciones propias de su puesto. También se le informó que la acción obedecía a las necesidades del servicio a los contribuyentes, uniformar los procesos y garantizarles a estos un debido proceso de ley, así como su derecho de apelar la determinación ante la CASP. Conforme resolvió la CASP, la actuación del CRIM se encuentra de las facultades que le fueron conferidas a su Junta de Gobierno. En efecto, la propia comunicación cursada a la recurrente no contiene expresión alguna sobre traslado, pues en efecto, la recurrente fue reasignada a otra oficina ubicada en el otro piso del mismo edificio donde ubica la Oficina Central del CRIM, con el mismo título de puesto, misma clasificación y salario. Lo anterior, no cumple con la definición de traslado. Además, conforme establece el Artículo 10

de la ley habilitadora del CRIM, a esta no le es de aplicabilidad la Ley 8-2017, supra[17].

Por último, en cuanto al cuarto señalamiento de error, tampoco tiene razón la señora Meléndez respecto a la disposición del caso por la vía sumaria, pues, tal como planteó la parte recurrida, las partes estipularon que no existían controversias de hecho. De hecho, ambas partes presentaron un escrito de *Estipulación de Hechos para la Presentación de Solicitud de Resolución Sumaria por Ambas Partes;* y la propia recurrente presentó su solicitud de sentencia sumaria bajo dicho argumento. Por consiguiente, no se cometieron los errores señalados, y procede confirmar la determinación recurrida.

## IV.    Parte Dispositiva

Por los fundamentos que anteceden, se confirma la *Resolución recurrida.*

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] Véase, además el Artículo 7.009 del Código Municipal.